## COUNT I

### Violation Of Section 36 Of The Investment Company Act And For Control Personal Liability Under The Investment Company Act
### (Against the MFS Defendants and the Trustee Defendants)

43. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

44. Plaintiff brings this Count I against the MFS Defendants and the Trustee Defendants on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares.

45. Pursuant to Section 36 of the Investment Company Act, 15 U.S.C. § 80a-35(b), the investment advisor of a mutual fund owes to the mutual fund and its shareholders a fiduciary duty with respect to its receipt of compensation for services or payments of any material nature, paid by the mutual fund or its shareholders to such investment advisor or any affiliated person.

46. Pursuant to Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b), a civil action may be brought by a mutual fund shareholder against an investment advisor or any affiliated person who has breached his or its fiduciary duty concerning such compensation or other payments.

47. As alleged above in this Complaint, each MFS Defendant and each Trustee breached his or its fiduciary duty with respect to the receipt of compensation or other payments from the Massachusetts Investor Trust, the Massachusetts Investor Growth Fund, or their shareholders.

48. Each Trustee, in breaching his or her fiduciary duty with respect to the receipt of compensation, acted willfully, in bad faith, in a grossly negligent manner, and with reckless disregard of the duties involved in the conduct of his or her position with the Trusts.

49. By agreeing and/or conspiring amongst themselves and with John Does 50-100 to permit and/or encourage the MFS Fiduciary Defendants and John Does 50-100 to time the MFS Funds, the MFS Defendants placed their own self-interest in maximizing their compensation and other payments over the interest of the Funds and their shareholders.

50. By virtue of the foregoing, the MFS Defendants and the Trustees have violated Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b).

51. As a direct and proximate result of the MFS Defendants' wrongful conduct, the assets and value (including the NAV) of the Funds have been reduced and diminished and the corporate assets of the Funds have been wasted and the MFS Defendants and the Trustees are liable.

## COUNT II

### VIOLATION OF SECTION 206 OF THE INVESTMENT ADVISERS ACT OF 1940
(Against the MFS Defendants and the MFS Fiduciary Defendants)

52. Plaintiff incorporates by reference all paragraphs above.

53. Plaintiff brings this Count II against the MFS Defendants and the MFS Fiduciary Defendants on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares.

54. This Count II is based on Section 215 of the Investment Advisors Act of 1940, 15 U.S.C. § 8b-15 ("IAA").

55. MFS was the investment advisor to the Funds pursuant to the IAA and as such was a fiduciary under the IAA and held to the standards of behavior defined in Section 206 of the IAA.

56. MFS, the MFS Defendants, and the MFS Fiduciary Defendants breached their fiduciary duties to the Funds by engaging in the acts described in this Complaint which were acts, practices and courses of business that were willful, fraudulent, deceptive, manipulative, and in bad faith, and were a breach of the fiduciary duties defined in Section 206 of the IAA.

57. MFS, the MFS Defendants, and the MFS Fiduciary Defendants are liable to the Funds and their shareholders as a direct participant in the wrongs alleged in this Count II. MFS and the MFS Defendants have and had authority and control over the Funds and MFS Fiduciary Defendants and their operations, including the ability to control the manipulative and illegal acts described in this Complaint.

58. As a direct and proximate result of said defendants' wrongful conduct as alleged in this Complaint, the assets and value (including NAV) of the Funds have been reduced and diminished and the corporate assets of the Funds have been wasted and the MFS Defendants and MFS Fiduciary Defendants have collected illegal profits and fees.

## COUNT III

### VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5
### (Against MFS, the MFS Fiduciary Defendants, and John Ballen)

59. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

60. Plaintiff brings this Count III against MFS, the MFS Fiduciary Defendants, and John Ballen on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares

61. MFS, the MFS Fiduciary Defendants, and John Ballen directly engaged in a common plan, scheme, and unlawful course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business and manipulative

COMPL. 18

devices, which operated as a fraud and deceit on the Funds. The purpose and effect of the scheme, plan, and unlawful course of conduct was, among other things, to deceive and harm the Plaintiff and cause the Funds to sell securities at artificially deflated values as described in the Complaint.

62.     The Funds have suffered damages as a result of the wrongs herein alleged in an amount to be proved at trial.

63.     By reason of the foregoing, MFS, the MFS Fiduciary Defendants, and John Ballen have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and are liable to the Funds for damages which they suffered in connection with the purchase or sale of securities in those funds.

## COUNT IV

### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against Sun Life Defendants and John W. Ballen)

64.     Plaintiff incorporates by reference all paragraphs above as if set forth herein.

65.     Plaintiff brings this Count IV against the Sun Life Defendants and John Ballen on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares

66.     The Sun Life Defendants and John W. Ballen acted as controlling persons of MFS within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of MFS being a more than 90% owned subsidiary of the Sun Life Defendants, and the Sun Life Defendants' and John Ballen's role as CEO of MFS and active participation in and/or awareness of MFS's day-to-day operations, the Sun Life Defendants and Ballen had the power to influence and control and did influence and control, directly or indirectly, the decision-making of MFS. The Sun Life Defendants and John Ballen had unlimited access to MFS's records of transactions

and had the ability to prevent MFS from engaging in the schemes and artifices to defraud complained of in this Complaint.

67. The Sun Life Defendants and John Ballen had direct and supervisory involvement over the day-to-day operations of MFS and, therefore, are presumed to have had and did have the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

68. By virtue of their positions as controlling persons, the Sun Life Defendants and John Ballen are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of their wrongful conduct, the MFS Funds suffered damages in connection with the acts and practices alleged in this Complaint.

## COUNT V

### Common Law Breach Of Fiduciary Duty
### (Against the MFS Defendants, the MFS Fiduciary Defendants, and the Trustee Defendants)

69. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

70. Plaintiff brings this Count V against the MFS Defendants, the MFS Fiduciary Defendants, and the Trustee Defendants on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares

71. The MFS Defendants, the MFS Fiduciary Defendants, and the Trustee Defendants and each of them owed to the Fund and its shareholders, the duty to exercise due care and diligence, honesty and loyalty in the management and administration of the affairs of the Funds and in the use and preservation of its property and assets, and owed the duty of full and candid disclosure of all material facts thereto. Further, said defendants owed a duty to the Funds and

shareholders not to waste the Funds' corporate assets and not to place their own personal self-interest above the best interest of the Funds and their shareholders.

72. To discharge those duties, the MFS Defendants and the Trustee Defendants were required to exercise prudent supervision over the management, policies, practices, controls, and financial and corporate affairs of the Funds.

73. As alleged above, each of said defendants breached his or its fiduciary duty by receiving excessive compensation or payments in connection with the timing scheme and other manipulative schemes as alleged in this Complaint.

74. As alleged above, each of said defendants also breached his or its fiduciary duty to preserve and not to waste the assets of the Funds by permitting or incurring excess charges and expenses to the Funds in connection with the timing scheme and other manipulative schemes as alleged in this Complaint.

75. Each Trustee, in breaching his or her fiduciary duty as alleged, acted willfully, in bad faith, in a grossly negligent manner, and with reckless disregard of the duties involved in the conduct of his or her position with the trusts.

## COUNT VI

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against the Sun Life Defendants and John Does 51-100)

76. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

77. Plaintiff brings this Count VI against the Sun Life Defendants and John Does 51-100 on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares

78. The Sun Life Defendants and John Does 51-100 knew of the existence of the fiduciary duty between the MFS Defendants and the Trustee Defendants and the Funds and knew

COMPL.                                    21

the extent of that duty. The Sun Life Defendants and John Does 51-100 knew of the acts of timing made by them on the Funds and knew that these acts and manipulative devices were a breach of the fiduciary duties the MFS Defendants and the Trustee Defendants owed to the Funds. The Sun Life Defendants and John Does 50-100 maliciously, without justification and through unlawful means, aided and abetted and conspired with the MFS Defendants and the Trustee Defendants in breaching their fiduciary duties and provided substantial assistance and encouragement to the MFS Defendants and the Trustee Defendants in violating their fiduciary duties in the manner and by the actions described in this Complaint.

79. The Sun Life Defendants and John Does 51-100 are jointly and severally liable to the Funds for damages proximately caused by their aiding and abetting as alleged herein.

80. As a direct and proximate result of defendants' wrongful conduct, the assets and value (including the NAV) of the Funds has been reduced and diminished and the corporate assets of the Funds have been wasted.

## COUNT VII

### CIVIL CONSPIRACY
### (Against the MFS Defendants, The Trustee Defendants, and John Does 1-100)

81. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

82. Plaintiff brings this Count VII against the MFS Defendants, the Trustee Defendants, and John Does 1-100 on behalf of the Massachusetts Investor Trust, as a holder of the Massachusetts Investor Trust mutual fund shares, and on behalf of the Massachusetts Investors Growth Fund trust, as a holder of Massachusetts Investors Growth Fund shares

83. The MFS Defendants, the Trustee Defendants, and John Does 1-100 entered into an agreement or agreements or combinations with each other to accomplish by common plan the illegal acts described in this Complaint and by their actions demonstrated the existence of an agreement and combination.

84. The MFS Defendants, MFS and John Does 1-100 by their actions have manifested actual knowledge that a tortious or illegal act or acts was planned and their intention to aid in such act or acts.

85. The MFS Defendants, MFS and John Does 1-100 maliciously and intentionally conspired, combined and agreed with one another to commit the unlawful acts alleged in this Complaint or to commit acts by unlawful means causing injury to Plaintiff and proximately causing injury and damages to the Plaintiff for which they are jointly and severally liable.

86. The Funds have suffered damages as a result of the wrongs and the conspiracy to commit such wrongs as alleged in the Complaint in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.  Removing all or substantially all of the current Trustees of the Trust and replacing them with independent Trustees.

B.  Awarding monetary damages against all of the Defendants, jointly and severally, in favor of the Fund, for all losses and damages suffered as a result of the wrongdoings alleged in this Complaint, including punitive damages where appropriate, together with interest thereon.

C.  Awarding plaintiff the fees and expenses incurred in this action, including reasonable allowance of fees for plaintiff's attorneys, and experts.

D.  Granting plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: Boston, Massachusetts
December 22, 2003

DEUTSCH WILLIAMS BROOKS
DERENSIS & HOLLAND, P.C.

By: _____
Steven J. Brooks
Robert D. Hillman
99 Summer Street
Boston, MA 02110
(617) 951-2300
rhillman@dwboston.com

**CHIMICLES & TIKELLIS, LLP**
Nicholas E. Chimicles
Denise Davis Schwartzman
Timothy N. Mathews
361 West Lancaster Ave
Haverford, PA 19041
(610) 642-8500

DWLIB 147910v1
9999/00